IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CORTEZ DE'MICHAEL THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-35-WKW-CWB |
| ) | |
| SGT. JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff initiated this civil action pursuant to 18 U.S.C. § 1983 while confined at the Montgomery County Detention Facility (*see* Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (*see* Doc. 2). Upon initial review, however, the court observed that the filings were not signed by Plaintiff personally but instead were signed by Bernadette Porter—identified as Plaintiff's "Authorized Representative" and "Power-of-Attorney." (*See* Docs. 1 & 2). Plaintiff thus was instructed to either (1) submit personally signed replacement versions of his prior filings **or** (2) submit a certification that Bernadette Porter is a licensed attorney. (*See* Doc. 3). Plaintiff further was "**cautioned that a failure to comply with this Order may result in a recommendation of dismissal**." (*Id*. at p. 2) (emphasis in original).

Despite the court's instructions and admonition, Plaintiff failed to take any action by the imposed deadline of January 27, 2025 or the extended deadline of February 7, 2025. (*See* Docs. 3 through 5). The Magistrate Judge finds that the failure to comply or otherwise respond constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff has failed to act even after an extension of time for doing so and an express warning

1

about the potential for dismissal.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (stating that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned).

Dismissal also would be appropriate for the reasons set out in the court's prior Order. (*See* Doc. 3).  Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed … by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11; *see also* 28 U.S.C. § 1915(a) (requiring submission of an "affidavit").  Although the filings here are signed by Bernadette Porter as Plaintiff's purported power of attorney (*see* Doc. 1 at pp. 1, 6 & Doc. 2 at p. 2), no such written authorization appears in the record.  Regardless, a filing by a non-attorney in a representative capacity is a nullity. *See Miller v. Byers*, 833 F. App'x 225, 226 (11th Cir. 2020) (stating that non-attorney could not represent another party notwithstanding his power of attorney designation) (citations omitted); *Dickerson v. Ray*, No. 2:23-cv-315, 2023 WL 9183965, at *1 & n.1. (M.D. Ala. Dec. 22, 2023) ("Representation on behalf of another by a *pro se* litigant is typically determined to be a nullity"; "[E]ven if both Plaintiffs have … power of attorney over Kenneth Dickerson, they still may not pursue a case *pro se* on his behalf") (citations omitted); *see also* 18 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases <u>personally</u> or <u>by counsel</u>.") (emphasis added).

For these reasons, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **March 10, 2025**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be taken only as to an appealable Order entered by the District Judge.

**DONE** this the 24th day of February 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**