IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CORTEZ DE'MICHAEL THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-35-WKW |
| | ) [WO] |
| SGT. JOHNSON, DERRICK | ) |
| CUNNINGHAM, SONYA | ) |
| PRITCHETT, and OFFICER | ) |
| SHERRILL, | ) |
| | ) |
| Defendants. | ) |

### **ORDER**

On February 24, 2025, the Magistrate Judge filed a Recommendation for the dismissal of this action without prejudice based on Plaintiff's failure to comply with the court's Orders and for failure of Plaintiff to sign his complaint as required by Rule 11 of the Federal Rules of Civil Procedure. (Doc. # 6; *see also* Doc. # 3.) Plaintiff's objections to the Recommendation were due on or before March 10, 2025. On March 5, 2025, the Recommendation was returned to the court as undeliverable, and the envelope was stamped "Inmate Released." (Doc. # 8.) It is not surprising then that Plaintiff did not file any objections; however, he is to blame for his failure to receive the Recommendation. In his complaint, Plaintiff certified that he would "provide the Clerk's Office with any changes to [his] address where case-related papers may be served." (Doc. # 1 at 6.) He also acknowledged his understanding

that his "failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case." (Doc. # 1 at 6.) In addition to the reasons outlined in the Recommendation (Doc. # 6), dismissal is warranted because Plaintiff failed to provide the Clerk's Office with his change of address.

Furthermore, even though the Magistrate Judge's Recommendation was returned to the court as undeliverable, Plaintiff was aware that his complaint lacked a proper signature. This deficiency was made clear in the Magistrate Judge's January 13, 2025 Order, which outlined the deficiency, provided instructions on how to cure it, and required Plaintiff to show cause why his action should not be dismissed. (Doc. # 3.) It is evident that Plaintiff received the January 13, 2025 Order, as he requested and was granted an extension until February 7, 2025, to respond, with the warning that failure to do so may result in dismissal of his action.[1] (Docs. # 4, 5.) To date, however, Plaintiff has failed to take any action to address the deficiency, indicating a disregard for the court's directives.

In conclusion, Plaintiff's action will be dismissed due to his failure to comply with the court's Orders, his failure to submit a properly signed complaint, and his

---

[1] The Order granting Plaintiff the extension (Doc. # 5) also was returned to the court as undeliverable and stamped "Inmate Released" (Doc. # 7), but that fact does not negate Plaintiff's awareness of the complaint's deficiency—namely, that he failed to properly sign his complaint—and the requirement that he correct the deficiency.

2

failure to provide the Clerk's Office with an updated address for service of case-related documents.

Accordingly, it is ORDERED as follows:

(1) The Recommendation (Doc # 6) is ADOPTED; and

(2) This action is DISMISSED without prejudice for the reasons provided in the Recommendation and for failure of Plaintiff to provide a current address for service.

Final Judgment will be entered separately.

DONE this 12th day of March, 2025.

                                            /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE